UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH J CAREW and DEBORAH
A CAREW,

    Plaintiffs,

v.                                Case No: 8:20-cv-2981-KKM-SPF

TRACEY S DESILET,

    Defendant.
_____/

## ORDER

Before the Court are the parties' responses to the Court's Order to Show Cause entered on February 3, 2021. (Docs. 14 & 15). Upon review, Defendant Tracey Desilet has not met her burden to establish that this Court has subject matter jurisdiction.

Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction, regardless of whether the parties have challenged its existence. *See Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1279–80 (11th Cir. 2001). This case was removed to federal court under 28 U.S.C. § 1441(d), which provides that "[a]ny civil action brought in a State court against a foreign state . . . may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending," *id.* § 1441(d); (Doc. 1). The basis for jurisdiction was Defendant Insurance Corporation of British Columbia's

status as a "foreign state." *See* 28 U.S.C. § 1603(a) and (b). Shortly after this case was removed, Plaintiffs filed a Notice of Voluntary Dismissal of Defendant Insurance Corporation of British Columbia, informing the Court that all claims against that defendant were dismissed with prejudice. (Doc. 5; Doc. 12). Following a voluntary dismissal of a foreign state upon which jurisdiction is based under § 1441(d), "the question of a remand lies in the sound discretion of the court." *Hinkle's Jeep Sales, Inc. v. Villa Enters., Inc.*, 90 F.R.D. 49, 52 (S.D. Fla. 1981). A court should consider judicial economy in remanding a case, especially whether the case is likely to return to federal court following remand. *Id.* Here, the foreign state has been dismissed with prejudice foreclosing any further claims related to this occurrence, and the Court concluded that the interests of judicial economy would be served by remanding absent a showing of another basis for subject matter jurisdiction. (Doc. 13).

Where a defendant removes an action from state court to federal court, the defendant "bears the burden of proving that federal jurisdiction exists." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Defendant must present "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and if questioned, present evidence establishing that the amount is met. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87–89 (2014). "The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the

existence of jurisdiction should not be divined by looking to the stars." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 (11th Cir. 2007).

Here, Defendant Desilet fails to meet that burden. In response to the Court's Order to Show Cause, Defendant alleges that this Court has diversity jurisdiction as the two parties are diverse[1] and Plaintiffs seek damages in excess of $75,000. (Doc. 14). Specifically, Defendant argues that, even though Plaintiffs' Complaint alleges damages only in excess of $30,000, this Court should consider demand letters from Plaintiffs each seeking $50,000 and the state court civil cover sheet estimating that the amount of the claim is "over $100,000.00." (Doc. 14, at 3). These two items are insufficient.

"When referencing a demand letter to ascertain the amount in controversy, courts analyze 'whether demand letters merely reflect puffing and posturing or whether they provide specific information to support the plaintiff's claim for damages.'" *Boyd v. State Farm Mut. Auto. Ins. Co.*, No. 6:15–cv–1965–Orl–22TBS, 2015 WL 12838805, at *2 (M.D. Fla. Dec. 16, 2015) (quoting *Moser v. Cincinnati Ins. Co.*, No. 8:14–cv–3121–CEH–TWG, 2015 WL 628961, at *2 (M.D. Fla. Feb. 12, 2015)); *see also Lucas v. USAA Cas. Ins. Co.*, 716 F. App'x 866, 867 n.1 (11th Cir. 2017) (considering as evidence that the amount in controversy was met a demand letter that sought the policy limit and detailed various expenses exceeding $75,000). If a demand letter contains a reasonable assessment of the value of the claim—for example, by delineating medical bills—then

---

[1] The Court is satisfied that the parties are diverse.

it is indicative of the amount in controversy. *See Boyd*, 2015 WL 12838805, at *2. If it contains a lump sum without support for the amount, then it is considered "mere posturing." *See Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1282 (S.D. Ala. 2009). Neither the demand letter amount nor the civil cover sheet provides details that permit the Court to discern whether the amount was mere posturing or a reasonable assessment. *See Physicians Imaging—Lake City, LLC v. Nationwide Gen. Ins. Co.*, No. 3:20-cv-1197-J-34JRK, 2020 WL 6273743, at *3 n.3 (M.D. Fla Oct. 26, 2020) ("For purposes of determining the amount in controversy, the Court finds the estimate contained in the civil cover sheet, unaccompanied by any supporting information, to be analogous to a barebones pre-suit demand letter and thus, insufficient to demonstrate that the amount in controversy plausibly exceeds $75,000.").

Further, even if the Court considers the demands and the civil cover sheet at face value, these allegations are not sufficient to satisfy the $75,000 amount in controversy requirement. Plaintiffs each demanded $50,000 for their individual negligence claims against the Defendant. (Doc. 3, at 3). "Generally, if no single plaintiff's claim satisfies the requisite amount in controversy, there can be no diversity jurisdiction." *Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005) (quoting *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1262 (11th Cir. 2000)). Two plaintiffs may aggregate their claims to meet the amount in controversy only where they have a "common and undivided interest" and not if they have "separate and distinct" demands. *Id.* (quoting

4

*Morrison*, 228 F.3d at 1262–63). Claims are common and undivided "only when the defendant owes an obligation to the group of plaintiffs as a group and not to the individuals severally," i.e., where there is a "common fund from which the plaintiffs seek relief, but where the plaintiffs also have a joint interest in that fund, such that if plaintiffs' rights are not affected by the rights of co-plaintiffs, then there can be no aggregation." *Id.* (quoting *Morrison*, 228 F.3d at 1263). Plaintiffs' claims are clearly separate and distinct. Each count of negligence may stand on its own, and Defendant's alleged obligations are to Plaintiffs individually, not jointly.

Accordingly, this case is **REMANDED** to the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, for all further proceedings. The Clerk of the Court is directed to transmit a certified copy of this Order to the clerk of the state court and close this file.

**ORDERED** in Tampa, Florida, on February 19, 2021.

_____
Kathryn Kimball Mizelle
United States District Judge